In the matter of the estate of GEORGE GIFFORD, deceased.

———

ELEANOR B. GIFFORD, appellant,

*v.*

COMMERCIAL TRUST COMPANY OF NEW JERSEY, trustee, respondent.

———

EMMA M. GIFFORD, appellant,

*v.*

COMMERCIAL TRUST COMPANY OF NEW JERSEY, trustee, respondent.

[Argued May 27th, 1946.   Decided September 13th, 1946.]

Mr. *John L. Griggs* and Mr. *Max Mehler,* for the appellants.

Messrs. *Anderson. Rugge and Coleman* (Mr. *Raymond A. Coleman,* of counsel), for the respondent.

The opinion of the court was delivered by

OLIPHANT, J.

These are appeals from those portions of two decrees of the Prerogative Court allowing commissions, upon intermediate accountings, to respondent as trustee of two trusts created for appellants under the last will and testament of George Gifford, deceased.

By the provisions of the will the executrix and executor were directed to elect a trust company or trust companies to act as trustee of certain trusts established under the will for Emma M. Gifford and Eleanor B. Gifford, widow and daughter, respectively, of testator. Mr. Gifford died November 10th, 1923, and thereafter the Commercial Trust Company of New Jersey was selected as sole trustee of the trusts and declarations of trust were entered into on January 19th, 1927. These, in each instance, contained the following provision with respect to the compensation of the trustee and the time when such compensation would be payable:

"That said Commercial Trust Company shall during the continuation of said trust be entitled to retain and receive as and for its commissions or compensation for services rendered in line with said trust at and after the rate of three percentum on all income received by it as such trustee and two percentum on *all corpus of said trust fund disposed of or in any manner severed from the trust fund,* subject, however, to any decree of the Prerogative Court of the State of New Jersey on any account filed by it, said Commercial Trust Company of New Jersey."

It is admitted that no part of the *corpus* of either trust fund has been disposed of or in any manner severed from the trust fund.

The Vice-Ordinary allowed commissions at the rate of two per cent. of *corpus.*

The determination of these appeals turns upon the construction of the above quoted paragraph of the declarations of trust.

Respondent contends that the trustee's compensation, both as to amounts and all other features, is determinable only by the Prerogative Court, which was presumably the view adopted by the Vice-Ordinary. With this we are unable to agree. To adopt that construction would be to declare the whole paragraph a nullity and require a complete disregard of that part setting forth the rate of commissions on *corpus* and when such were payable. The intention of the parties as gathered and ascertained from the whole language of the paragraph should be given effect and control. This leads to but one conclusion, that the trustee is entitled to no more than two per cent. on *corpus* and then only when that is disposed of or in any manner severed from the trust fund, except if the Prerogative Court on an accounting determines, for any reason, that a lower rate should be allowed. The rate as fixed in the agreement was a ceiling beyond which the court could not go. The last part of the paragraph referring to the Prerogative Court is a limitation rather than a grant of. rights in addition to those set forth in the first part thereof.

Where a trust agreement fixes the rate of a trustee's compensation it is binding upon the court. *Commercial Trust Company of New Jersey* v. *Spiegelberg, 117 N. J. Eq. 171; affirmed, 119 N. J. Eq. 376.* This rule applies likewise to the time of payment of commissions. Respondent made its contract, it must abide by its terms.

The decrees with respect to the awards of commissions on *corpus* are reversed and they are modified accordingly.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, OLIPHANT, WACHENFELD, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, JJ. 13.